IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:10-cv-131-WHA |
| | ) |
| WATER WORKS & SANITARY | )                   (WO) |
| SEWER BOARD OF THE CITY OF | ) |
| MONTGOMERY, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This case is before the court on the parties' proposed discovery plan made pursuant to Federal Rule of Civil Procedure 26(f).  The parties have indicated in the Rule 26(f) report that they take different positions regarding the appropriate discovery plan for this case, which is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.  § 201, *et seq.*

Plaintiff plans to move for certification of a collective action under the FLSA at some point in this litigation.  Before Plaintiff moves for conditional collective action certification, he opposes the taking of depositions, and argues that the motion for conditional collective action certification should be decided upon affidavits and other documents.  Defendant contends that the taking of depositions of those persons who have consented to opt-in as parties to this case is necessary so that Defendant can analyze whether the putative class members are similarly situated or otherwise meet the requirements to opt-in as parties.  The parties agree that until the issue of conditional collective action certification and notice is decided, it is not possible for them to devise a discovery plan and pre-trial schedule for this case.

The Eleventh Circuit has recommended a two-step approach for district courts to follow when deciding whether to certify a collective action:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – *usually based only on the pleadings and any affidavits which have been submitted* – whether notice of the action should be given to potential class members.
>
> Because the court has *minimal evidence*, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant *usually filed after discovery is largely complete* and the matter is ready for trial. At this stage, the court has *much more information* on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims. . . .

*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)) (emphasis added).

This case has not yet reached the "notice stage" at which the court will decide, if asked, whether notice of the action should be given to potential class members. As *Hipp* indicates, this decision is usually based only on the pleadings and affidavits submitted with the motion for conditional certification; *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007) (noting that the first stage decision on whether to conditionally certify the collective action is often made early in the litigation before discovery has been completed). While the Circuit in *Hipps* noted that district courts are not required to use the two-tiered approach quoted from *Mooney*, it stated: "The two-tiered approach to certification of §216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex

cases, and we suggest that district courts in this circuit adopt it in future cases." *Hipp*, 252 F.3d at 1219.  This court has done so in the past, and finds it appropriate to do so here.  Thus, the court agrees with Plaintiff that the taking of depositions is not necessary until after the court rules on Plaintiff's anticipated motion for conditional collective action certification, or after the deadline for filing the motion.

Accordingly, it is hereby ORDERED as follows:

(1)  Should Plaintiff decide to move for conditional collective action certification, Plaintiff shall file his motion, brief and supporting evidence no later than Wednesday, June 30, 2010.

(2)  A new Report of Parties Planning Meeting will be requested shortly after the court's decision on the motion for conditional collective class certification, if one is filed, or after the deadline has passed with no motion being filed, after which a Scheduling Order will be entered and discovery may begin.

DONE this 14th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE